UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT M. MERRILL,<br><br>      Plaintiff,<br><br> v.<br><br>CROWN LIFE INSURANCE COMPANY, AND/OR REASSURE AMERICA LIFE INSURANCE COMPANY,<br><br>      Defendant. | NO: 13-CV-0110-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Protective Order Regarding Confidential Material (ECF No. 9). Pursuant to the parties' stipulation, the Court hereby enters the following protective order:

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and Fed. R. Civ. P. 26(c)(1)(G). Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

PROTECTIVE ORDER ~ 1

In support of this Order, the Court finds:

1. Documents or information containing confidential proprietary and business information and/or trade secrets; medical records; and financial records ("Confidential Information") that bear significantly on the parties claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage;

3. The parties may also assert that their right to privacy with respect to medical records outweighs the public interest in access to court records. While Washington citizens have an interest in access to court records, they also have a significant interest in preserving the confidentiality of medical records. *Koenig v. Thurston County*, 175 Wn. 2d 837, 868, 287 P.3d 523 (2012); *Bennett v. Smith Bundy Berman Britton*, P.S., 176 Wn. 2d 303, 313, 291 P.3d 886 (2013).

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

//

//

IT IS THEREFORE ORDERED THAT:

1.    <u>Access to Confidential Information</u>:  Documents and information protected under this order may not be disclosed to anyone other than the following persons who are authorized to have access solely for purposes of this litigation:

   a.   Parties, or designated representatives for this litigation, and their counsel;

   b.   Persons employed by counsel necessarily involved in this case;

   c.   The Court, jurors selected to hear this case, court personnel, court reporters, and the like.

2.   This Order pertains only to the handling of Confidential documents which are produced in discovery in this litigation.  It has no effect on the use of or handling of information already in Defendants' files as it relates to on-going business administration and operations and nothing in this Order shall in any way apply to Defendant's ongoing processing of any benefit claim(s) by Plaintiff.  This Order is to be applied prospectively only and has no effect with regard to disclosures to any person prior to its entry.

3.   <u>Limited Access to Confidential Information</u>:

   a.   <u>Experts</u>:  In the event any party retains an expert for the purpose of assisting in the preparation and trial or hearing of this case, whether or not the expert testifies, said expert may have access to those certain documents and

information otherwise protected under this order that may be pertinent to the area of expertise for which the expert is retained.

b. <u>Witnesses</u>: A witness whose deposition is to be taken, or who testifies at trial, may have limited access to those certain documents and information otherwise protected under this order to the extent necessary for that witness' testimony.

c. <u>Procedure</u>: Any person for whom limited access is required, as set forth above, shall be shown a copy of this Order, shall be advised that he/she is bound by its terms, and shall sign a Statement of Confidentiality attached to this Stipulation as Exhibit A. Refusal of any person to sign the Statement of Confidentiality shall not constitute a waiver of confidentiality.

d. Counsel for the Party who retains the expert or calls the witness is responsible to carry out the requirements of 3.c. above and shall recover all copies of protected documents and information from the expert or witness when access is no longer needed.

4. <u>Protection of Confidential Information</u>:

a. Any Confidential Information provided or obtained in the course of this litigation, including disclosures made through any process of discovery, ADR, trial or by order of the court shall be used solely for the purpose of this litigation and for no other purpose. "In the course of this litigation" includes all disclosures

PROTECTIVE ORDER ~ 4

made by either party.

    b.    All parties and counsel shall hold the Confidential Information in confidence and shall not disseminate, disclose, publish or otherwise communicate or use the information, whether an original document or copy, directly or indirectly, except in the pending matter and as necessary to enforce the terms of this Stipulated Protective Order.

    c.    If a party wishes to use confidential documents to support or oppose a motion, the confidential documents will be filed under seal.

    d.    With respect to confidential materials to be used at trial, the Court ordinarily will treat trial exhibits and testimony as a matter of public record, except as provided in Federal Rule of Civil Procedure 5.2 and Local Rule CR 5.2. The parties, however, shall meet and confer before the Pretrial Conference to attempt to reach an agreement about the confidentiality of information to be used at trial and a method for maintaining the confidentiality of such information. At the Pretrial Conference, the parties may present, by motion or stipulation, a proposed method for maintaining confidentiality. Nothing in this paragraph, however, shall be construed as constraining the Court's authority to treat trial exhibits and testimony as matters of public record.

    e.    All persons who gain access to Confidential Information under the terms of this Order shall return all copies of same to the party to which it pertains

PROTECTIVE ORDER ~ 5

after all orders made in connection with this case have become final or when access is no longer required, whichever occurs first.

5. <u>Designation of Confidential Information</u>:  The following documents and information are hereby designated as Confidential and are automatically protected under this Order without further designation:

    a.    Medical and health care records of Plaintiff in possession of any party;

    b.    Medical and health care records of Merrill Orthodontic patients in possession of any party.

    c.    Financial Records of Plaintiff in possession of any party.

6. <u>Designation of Confidential Information</u>:

    a.    Any other document or information that might reasonably jeopardize a person's right to privacy if disclosed, may be protected under the terms of this Order by a Party marking the document with the word "Confidential" before disclosing a copy of the document or disclosing the information to the other Party.

    b.    Inadvertent failure to designate a document as "Confidential" may be corrected by supplemental written notice given as soon as practicable.

7. <u>Challenge to Confidential designation</u>: Any Party who challenges the designation of any document or information as either Confidential may seek appropriate relief from the Court by motion. The party who claims the matter is

Confidential carries the burden of proving the designation is appropriate. All interested parties will confer or attempt to confer with other affected parties in a good faith effort to resolve the dispute without court action before proceeding with a motion. Any challenged document or information shall retain its protected status unless modified by agreement in writing by the parties or by further Order of this Court.

8. <u>Retention of Jurisdiction</u>: This Court retains jurisdiction during and after this action is concluded for the purpose of enforcing this Order. This Order shall survive the termination of this action to insure that Confidential documents or information do not become known to the public.

9. Any violation of Order or lack of good faith in carrying out its terms may result in the imposition of sanctions.

**IT IS SO ORDERED:**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** December 18, 2013.



THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 7

EXHIBIT A

**STATEMENT OF CONFIDENTIALITY**

The undersigned acknowledges receipt of the attached **PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION,** that he/she has read and understands the attached order, and agrees to be bound by the order.

Signed this the _____ day of _____, 2013.

_____
Signature

_____
Print Name