UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT M. MERRILL,<br><br>                    Plaintiff,<br><br>     v.<br><br>CROWN LIFE INSURANCE CO.,<br><br>                    Defendant. | NO: 13-CV-0110-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendant's Motion for Reconsideration (ECF No. 65). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

DISCUSSION

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

1993). Reconsideration is appropriate under Rule 59(e) if the district court is presented with newly discovered evidence, if it committed clear error or rendered a manifestly unjust decision, or if there has been an intervening change in controlling law. *Id.* at 1263. Reconsideration under Rule 60(b) may be granted if the moving party can show

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration is properly denied when a litigant "present[s] no arguments in his motion for [reconsideration] that had not already been raised in opposition to summary judgment." *Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir. 1989).

Defendant has advanced two separate arguments in support of its motion for reconsideration. First, Defendant asserts that the Court overlooked controlling Washington authority which holds that insurance coverage cannot be created by waiver or estoppel. ECF No. 65 at 5-8. Second, Defendant contends that allowing


Plaintiff to recover total disability benefits for a period that he remained employed and continued to earn an income is "contrary to sound public policy." ECF No. 65 at 8-9.

The Court's ruling does not run afoul of Defendant's waiver and estoppel authorities. Plaintiff's theory of liability does not implicate coverage by waiver or coverage by estoppel. Instead, Plaintiff's theory of liability is that Defendant breached the contracts of insurance by making a coverage decision based upon an impermissible consideration: the fact that he continued working and earning an income for nine months after his accident. As the Court previously explained, the undisputed evidence supports this theory. ECF No. 63 at 14-16. First, it is undisputed that Plaintiff's vision impairments remained static from the moment he returned to work to the moment he sold his practice on November 1, 2011. Second, it is undisputed that nothing about Plaintiff's physical ability to perform the material and substantial duties of his profession changed on November 1, 2011. Third, it is undisputed that Defendant awarded Plaintiff total disability benefits effective November 1, 2011, and that Plaintiff continues to receive such benefits to this day. Finally, Defendant has conceded (implicitly if not explicitly) that Plaintiff is presently "totally disabled." *See* Summ. J. Hr'g Tr., ECF No. 64 at 30

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3

("We are not arguing that [Plaintiff is] not entitled to total disability now. . . . We are not trying to say now he's . . . not totally disabled.").[1]

From this undisputed evidence, a rational finder of fact could only conclude that Defendant denied total disability benefits from February to October 2011, not on the basis of Plaintiff's physical *ability* to continue performing the material and substantial duties of his profession, but on the fact that Plaintiff continued to show up for work and receive an income.  Again, there is not one shred of evidence to support a finding that Plaintiff's ability to competently perform his duties as an orthodontist changed on November 1, 2011.  The only thing that changed on that date is that Plaintiff sold his practice.  As Plaintiff astutely noted in one of his appeal letters, he did not become "totally disabled" because he sold his practice; rather, he sold his practice because he was "totally disabled."

---

[1] Defendant argues that it has not "conceded" this issue.  ECF No. 65 at 8 & n.7. The Court respectfully disagrees.  Defense counsel's statements during the motion hearing speak for themselves.  Moreover, to whatever extent this *issue* is beyond the scope of these proceedings, the *fact* that Defendant is presently paying Plaintiff total disability benefits—and therefore considers Plaintiff "totally disabled" for its own purposes—is relevant and admissible evidence.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4

Contrary to Defendant's protestations, this is simply not a coverage by waiver or coverage by estoppel case. After all, Plaintiff is not seeking to "bring into existence a contract not made . . . and create a liability contrary to the express provisions of the contract the parties did make." *Saunders v. Lloyd's of London*, 113 Wash. 2d 330, 335 (1989). To the contrary, Plaintiff is attempting to enforce a contract that the parties *did* make pursuant to the contract's express terms. Thus, the only relevant issue for purposes of the breach of contract claim is whether Defendant partially denied coverage based upon something other than Plaintiff's physical ability to perform the material and substantial duties of his profession. The undisputed facts establish, and a rational finder of fact could only conclude, that it did. Plaintiff is therefore entitled to summary judgment.

Defendant's attempt to create a genuine issue of material fact as to whether or not Plaintiff could perform the material and substantial duties of his profession from February to October 2011 falls far short. On the evidence before the Court, no rational finder of fact could conclude Plaintiff possessed the ability to so perform.

Finally, the Court is not persuaded that allowing Plaintiff to recover total disability benefits is "contrary to sound public policy." As the Court indicated in its summary judgment order, Defendant's argument that an insured should not be entitled to recover total disability benefits while he or she remains employed and

1 continues to earn an income has some intuitive appeal.  But the prospect of an
2 insured "double dipping" in this scenario is not so offensive to public policy to
3 warrant a judicial re-write of the insurance policies.  If Defendant wishes to avoid
4 paying total disability benefits to an insured in Plaintiff's position, it can amend its
5 policy language accordingly.  Given that the parties did not bargain for such a
6 result, however, the Court must decline Defendant's invitation to reverse its prior
7 ruling.

**IT IS HEREBY ORDERED:**

Defendant's Motion for Reconsideration (ECF No. 65) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** July 7, 2014.



　　　　　　　　　　　　　THOMAS O. RICE
　　　　　　　　　　　　　United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 6